IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY ANNE DECROSTA,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>            Defendant. | Case No.: 10-cv-2886 JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT (Dkt. Nos. 16, 20, 25)** |

Plaintiff Stacey Anne Decrosta brings this action pursuant to 42 U.S.C. § 405(g) to seek judicial review of a final decision by Defendant Michael J. Astrue, the Commissioner of the Social Security Administration, that denies her disability benefits. Pending before the Court are Plaintiff's Motion for Summary Judgment (Dkt. No. 16) and Defendant's Cross-Motion for Summary Judgment (Dkt. No. 20). The Court previously granted Defendant's cross-motion for summary judgment as to Plaintiff's arguments 1 and 2 (referenced in Dkt. No. 19 as 1 and 3) but deferred decision on both summary judgment motions regarding Plaintiff's third argument pending further briefing. (Dkt. No. 24.) With the benefit of this briefing (Dkt. No. 25) and for the reasons set forth below, the Court DENIES Plaintiff's

motion for summary judgment and GRANTS Defendant's cross-motion for summary judgment as to this final issue.[1]

## THE NOVEMBER 29, 2011 ORDER

The ALJ determined that Decrosta "would not be disabled if she stopped [her] substance use" and that Decrosta's residual functional capacity absent drug use would allow her to perform "a significant number of jobs in the national economy." AR 15. Decrosta challenged the ALJ's decision on three grounds: 1) "whether the ALJ discounted medical opinion without sufficient findings;" 2) "whether the RFC findings were supported by substantial evidence;" and 3) "whether Defendant sustained the burden of proving the existence of jobs at step five." (Dkt. No. 16 at 6-8.)

After a careful review of the record and briefing by the parties, the Court determined that Plaintiff's first and second arguments were without merit. (Dkt. No. 24.) Substantial evidence in the record supported the ALJ's evaluation of the medical evidence and Plaintiff's RFC. (Dkt. No. 24 at 8-12.) Defendant's cross motion for summary judgment was therefore granted as to these two issues. The Court now addresses Plaintiff's final argument that at step five the ALJ erroneously relied on the grids without calling a vocational expert to assess the availability of jobs.

## DISCUSSION

The determination at step five centers on whether the claimant is able to perform existing work in the national economy. Stout v. Commissioner, 454 F.3d 1050, 1052 (9th Cir. 2006); see also 20 C.F.R. § 404.920(a)(4)(v). The burden rests on the defendant to demonstrate the existence of a significant number of jobs in the national economy that could be performed by the claimant. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir.1999). This burden is satisfied through testimony from a vocational expert or reference to the Medical–Vocational Guidelines, which present "a short-hand method for determining the availability

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5 and 8.)

and numbers of suitable jobs for a claimant. These tables are commonly known as 'the grids.'" Id. at 1101.

The Medical–Vocational Guidelines ("the grids") can be used in place of testimony from a vocational expert when "the grids accurately and completely describe the claimant's abilities and limitations." Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988) (internal citation omitted). Reliance on the grids alone, however, is not appropriate if the claimant has nonexertional limitations that "significantly limit the range of work permitted by the claimant's exertional limitations." Id. Exertional limitations affect a claimant's "ability to meet the strength demands of jobs." 20 C.F.R. § 416.969(b). Nonexertional limitations cover all other limitations, including difficulty functioning because the claimant is "nervous, anxious, or depressed" or has trouble "maintaining attention or concentrating" and "understanding or remembering detailed instructions." C.F.R. § 416.969(c)(1).

The ALJ must "seek the assistance of a vocational expert when the non-exertional limitations are at a sufficient level of severity such as to make the grids inapplicable to the particular case." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). The evaluation "of whether a nonexertional limitation significantly limits the range of work the claimant is able to perform is left to the ALJ."[2] Sam v. Astrue, 2010 WL 4967718 at *11 (E.D. Cal. Dec.1, 2010) (citing Desrosiers v. Sec'y of Housing and Health Services, 846 F.2d 573, 577 (9th Cir. 1988)); see also McLain v. Astrue, 2011 WL 2174895 at *3 (C.D. Cal. June 2, 2011) (stating "even where a claimant's limitations are entirely non-exertional, a vocational expert's testimony is not required unless the ALJ determines that such non-exertional limitations are 'sufficiently severe so as to limit the range of work permitted by the claimant's exertional limitation'" where plaintiff had bipolar disorder with depression and a history of substance abuse) (quoting Hoopai, 499 F.3d at 1076); Ross v. Comm'r of Social Security, 2011 WL 1081910 at *5-*6 (E.D. Cal. Mar. 21, 2011) (finding that it was not error for the ALJ to rely

---

[2] A determination at step two that a nonexertional limitation is severe does not require the ALJ to utilize a vocational expert at step five unless "there are significant and 'sufficiently severe' non-exertional limitations not accounted for in the grid." Hoopai, 499 F.3d at 1076.

3

1  on the grids without the testimony of a vocational expert in a case where plaintiff had bipolar
2  disorder and a substance abuse history that did not "significantly limit" the range of unskilled
3  work plaintiff could perform even though plaintiff was precluded from jobs that required
4  public contact); Ruiz v. Astrue, 2010 WL 3766335 at *4 (C.D. Cal. Sept. 15, 2010) (finding
5  the ALJ's application of the grids without a vocational expert proper where plaintiff suffered
6  from bipolar disorder and substance abuse and, though limited by nonexertional limitations to
7  unskilled work, was "no more than moderately limited in his ability to perform work-related
8  activities").

9       In this case, the ALJ found that because of "claimant's history of endocarditis and
10 hepatitis C virus, she is limited to light work. Additionally, if claimant stopped the substance
11 abuse, she would be mentally limited to simple, routine work due to bipolar disorder NOS."
12 AR 14. Relying on the grids, the ALJ concluded that if Plaintiff "stopped the substance use,
13 considering the claimant's age, education, work experience, and residual functional capacity,
14 there would be a significant number of jobs in the national economy that the claimant could
15 perform." AR 15. Decrosta contests the ALJ's use of the grids framework alone given that
16 Plaintiff's limitations are at least partly nonexertional. (Dkt. No. 23 at 4.) Defendant responds
17 that the ALJ's failure to call a vocational expert is not reversible legal error because Plaintiff's
18 nonexertional limitation to "'simple, routine work' did not significantly limit the range of
19 work represented by the grids" because the "grids represent unskilled jobs." (Dkt. No. 25 at
20 3.)

21      The ALJ did find that absent substance abuse, Plaintiff "would not have the residual
22 functional capacity to perform the full range of light work." AR 15. However, the ALJ
23 nonetheless concluded that "the additional limitations that would remain [absent drug use]
24 have little or no effect on the occupational base of *unskilled* light work." AR 15 (emphasis
25 added). The ALJ thus determined that Plaintiff's nonexertional limitations were not severe
26 enough to significantly limit the job opportunities available to Plaintiff. This determination, if
27 proper, allows the ALJ to rely solely on the grids without the testimony of a vocational expert.
28

The question before the Court then is whether this conclusion is supported by substantial evidence or based on legal error.[3]

The evidence in the record supports the ALJ's conclusion.[4] In her decision, the ALJ noted the opinion of Dr. Rudnick, a state agency medical consultant, that Plaintiff has only mild to moderate limitations and that, absent drug use, Plaintiff "retains the capacity to attend and concentrate for at least two hour periods and is able to complete a normal work schedule." AR 14.  In addition, the ALJ cited other medical evidence from the record, including medical records from May 31, 2007 in which "claimant's speech, mood, and affect . . . thought pattern/content, cognitive function, orientation, attention, concentration, memory, and knowledge . . . impulse control, insight, and judgment" were all "within normal limits" after claimant "may have briefly stopped drugs." AR 12.  To the extent that other evidence in the record is in conflict with this finding, the ALJ specifically noted that she "considered all [Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." AR 13.  The Court already reviewed and upheld the ALJ's evaluation of the record to determine Plaintiff's RFC. (Dkt. No. 24 at 11-12.)  Here, too, the Court finds that the ALJ's conclusion that Plaintiff's nonexertional limitations were not significant or severe enough to impact Plaintiff's range of acceptable work options as represented by the grids is supported by substantial evidence.  It was therefore not legal error for the ALJ to use the grids without calling a vocational expert.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment in regard to Plaintiff's argument 3 (referenced in Dkt. No. 13 as 2) is

---

[3] A district court may overturn a decision to deny benefits only if it is not supported by substantial evidence or if the decision is based on legal error. See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallenes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

[4] Defendant concedes that the ALJ cited Rule 202.21 in error as this Rule refers to "an individual who has skills that are not transferrable," which is not applicable to this case. (Dkt. No. 25 at 3 n.2.)  The Court agrees with Defendant that this error is harmless.

DENIED and Defendant's cross-motion for summary judgment in regard to Plaintiff's argument 3 (referenced in Dkt. No. 19 as 2) is GRANTED.

**IT IS SO ORDERED.**

Dated: January 6, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE